## PELAIA v U S FIRE INSURANCE CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10152. Decided Jan. 20, 1930

Horace B. Neff, Cleveland, for Pelaia.
Gott, Bloomfield & Orr, Cleveland, for Ins. Co.

**SULLIVAN, J.**

From an examination of the evidence we have come to the conclusion that there was no evidence showing as noted that the suit had been brought within the year prescribed by the terms of the policy, and our further judgment is that there is no scintilla of evidence of an evidentiary character showing a waiver of the clause providing for the commencement of the action within a year. From Cooley's Briefs on Insurance, reading from page 6810, we find that the clause in question is valid.

The validity of such a clause is also upheld in **Appel Admr. vs Cooper Insurance Co. 76 OS. 502.**

We quote also from **Corn City Mutual Ins. Co. vs Schwan, 1 Cir. Ct. 192, 1 C. D. 105:**

Upon the question of waiver, mere negotiations are not sufficient to constitute a waiver. Conversation relating to a loss is insufficient. A mere attempt to collect the insurance is equally unefficacious. It must appear not only by an allegation of waiver but by proof to support it that a waiver has been made and this waiver in order to operate as an advantage and estoppel, must be of such a nature that it misleads the assured and becomes the instrumentality by which the provisions of the policy under question become inoperative. Thus it must be some act of the insurance company which in and of itself prevents the plaintiff from seeking his remedy in the courts and as before noted this must go beyond the proposition of mere conversation, negotiation and discussion unless it amounts in its entirety to turning the plaintiff from his course and misleading him to the extent that it results in the expiration of the statute of limitations from the provisions of limitations incorporated in the policy of insurance. We find the evidence in this case fails to reach the mark which we have noted is necessary in order to amount to a waiver.

Thus from the record it appears that the suit had not been filed within the year prescribed by the provisions of the policy and that the negotiations between the assured and the company did not reach that point where a waiver was created which amounts to misleading the plaintiff to the extent that it rendered inoperative the provisions of the policy relating to the time in which the suit may be commenced.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.